UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DASHONE MARCEL REYNOLDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5334** |
| **SGT. LATOYA BOWEN, ET AL.** | **SECTION: "T"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Dashone Marcel Reynolds, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Sergeant Latoya Bowen, Deputy J. Sparrow, and Captain T. Picard.

When plaintiff filed the complaint, he neither paid the required filing fee nor applied to proceed *in forma pauperis*. On September 15, 2023, the Clerk of Court therefore issued a "Notice of Deficient Filing" directing plaintiff to correct that deficiency;[1] however, plaintiff failed to do so.

On October 17, 2023, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before November 7, 2023.[2] Plaintiff was expressly warned that if he failed to comply with that Order, the undersigned would recommend that this action be dismissed.[3] Plaintiff has not complied with the Order.

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 3.
[3] Id.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff was ordered to pay the required filing fee or submit an application to proceed as a pauper by November 7, 2023. To date, the filing fee remains unpaid and no pauper application has been submitted. Accordingly, dismissal for failure to prosecute is appropriate.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___8th___ day of November, 2023.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**